UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **LUCY BILLINGS**, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **TODD BLANCHE**, | ) | Civil Action No. 26-CV-4086 |
| In his official capacity as | ) | |
| Acting Attorney General | ) | |
| | ) | Demand for Trial by Jury |
| And | ) | |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| | ) | |

## COMPLAINT

**Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a; Violation of the First Amendment of the U.S. Constitution**

Plaintiff Lucy Billings, by and through her undersigned attorneys, files this Complaint for declaratory, injunctive, and monetary relief against her former employer, the Department of Justice (hereinafter, "DOJ" or "the Agency"), and Acting Attorney General Todd Blanche in his official capacity (collectively, "Defendants") to seek redress for Defendants' violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and the First Amendment of the U.S. Constitution.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the Constitution and the laws of the United States. Jurisdiction is also proper under 29 U.S.C. § 633a(c).

2.      Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) as a substantial part of the alleged unlawful and discriminatory practices occurred in New York, New York, within the Southern District of New York, and Plaintiff resides in the Southern District of New York.

**PARTIES**

3.      Plaintiff Billings is an adult resident and citizen of the State of New York.

4.      Defendant Todd Blanche is the Acting Attorney General, the head of the Department of Justice.  Defendant Blanche is sued in his official capacity.

5.      Defendant United States Department of Justice is the agency that formerly employed Plaintiff.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6.      On November 10, 2025, Plaintiff Billings contacted the Defendants' Equal Employment Opportunity ("EEO") Office and initiated informal counseling, pursuant to 29 C.F.R. § 1614.105(a).

7.      On December 16, 2025, Plaintiff Billings filed a Formal Complaint of Discrimination with DOJ's EEO Office asserting claims under the ADEA. In accordance with 29 C.F.R. § 1614.106(b), Plaintiff Billings filed her Formal Complaint following completion of informal counseling and within fifteen (15) days of her final interview and receipt of notification from her EEO counselor of her right to file a formal complaint.

8.      On February 17, 2026, DOJ issued a Final Agency Decision under 29 C.F.R. § 1614.110, dismissing the Complaint as failing to state a claim.

9.      According to the Final Agency Decision, Plaintiff Billings's "status as an inferior officer under Article II of the Constitution renders her an 'at-will' employee and her removal is beyond the purview of the Rehabilitation Act."[1]

---

[1] Plaintiff Billings filed a Formal Complaint alleging discrimination based on age in violation of the ADEA. Plaintiff Billings did not allege disability as a basis of discrimination under the Rehabilitation Act.

10.    In the Final Agency Decision, DOJ asserted Defendants' failure to convert Plaintiff Billings's Immigration Judge position from a two-year term appointment to a permanent position and their termination of her employment:

> w[ere] a lawful exercise of the Attorney General's authority under Article II of the Constitution. Article II of the Constitution allows the President and heads of departments exercising his power to remove inferior officers without cause, subject to only narrow exceptions that do not apply to your former position. No statute provides otherwise, and even if it did, the statute would run afoul of Article II.

11.    Plaintiff Billings filed this lawsuit within ninety (90) days of receipt of the Agency's final action pursuant to 29 C.F.R. 1614.407(a) and 29 U.S.C. § 633a(b)-(c).

## FACTS GIVING RISE TO RELIEF

12.    Plaintiff Billings was born in 1948.

13.    Plaintiff Billings was appointed to serve as Immigration Judge with the DOJ, Executive Office for Immigration Review ("EOIR"), Varick Street Immigration Court on September 29, 2023.

14.    Plaintiff Billings spent almost twenty-three (23) years providing free legal services, largely representing poor persons of color, including many Hispanic and Latin American immigrants and noncitizens.

15.    Prior to her appointment at EOIR, Plaintiff Billings served as staff counsel for the American Civil Liberties Union ("ACLU") for three years, during which time she also represented poor persons of color, including many immigrants and noncitizens.

16.    Plaintiff Billings also served for over twenty-five (25) years as a New York State Judge. Plaintiff Billings was democratically elected for her New York State judgeships, as a candidate for the Democratic Party.

17.     Plaintiff Billings ultimately left her New York State Judgeship because she was approaching New York's mandatory retirement age for judges.

18.     EOIR management knew of Plaintiff Billings's age at the time of her appointment, which was documented in her employment file.

19.     EOIR management knew of Plaintiff Billings's background and activity advocating for immigrants and immigrants' rights, and her association with the Democratic Party at the time of her appointment, which was documented in her employment file.

20.     Pursuant to DOJ policy and practice, upon appointment, Immigration Judges initially serve a two-year term. After completing the two-year term, their appointments are routinely converted to permanent positions.

21.     Throughout her employment, and during her probationary period as an Immigration Judge, Plaintiff Billings exceeded all performance standards.

22.     Assistant Chief Immigration Judge ("ACIJ") Ubaid ul-Haq often praised Plaintiff Billings's performance, sometimes publicly, particularly due to her undertaking a docket of three (3) detained respondents and three (3) non-detained respondents per day, as opposed to the typical three (3) of one or the other, and her undertaking a weekly docket of detained respondents for the Indianapolis Immigration Court, requiring mastery of Seventh Circuit as well as Second Circuit law.

23.     At no time during her service as an Immigration Judge did the Agency ever issue Plaintiff Billings any form of discipline.

24.     Despite her excellent performance, on September 19, 2025, EOIR notified Plaintiff Billings via e-mail that her service would be terminated, effective September 28, 2025.

25. From September 19, 2025, until her termination, Plaintiff Billings was placed on administrative leave.

26. Plaintiff Billings's non-conversion and termination followed then-Attorney General Pamela Bondi's and then-Acting Director Sirce Owen's issuance of numerous, department-wide memoranda announcing the end to Diversity, Equity, and Inclusion ("DEI") efforts.

27. In January and February 2025, then-Acting Director Sirce Owen issued a series of policy memoranda that were hostile toward noncitizens and noncitizen advocacy. Senior leadership of the Trump administration, including Deputy Chief of Staff for Policy and Homeland Security Advisor Stephen Miller and then-Attorney General Bondi, have publicly accused immigrant advocacy organizations and lawyers representing noncitizens of committing immigration fraud and labeled them extremists aligned with domestic terrorism.

28. One memorandum, issued by then-Attorney General Bondi in February 2025, promised to "penalize illegal DEI and DEIA preferences."

29. Other memoranda, issued by then-Acting Director Owen in February and March 2025, criticized the appointment practices of the prior administration, particularly with respect to Immigration Judges serving temporary appointments. The memoranda noted that the Agency had reviewed the hiring materials of any Immigration Judge hired under the prior Administration, and alleged that persons of "certain backgrounds" were given favorable treatment over others. One memorandum concluded EOIR was "committed to rectifying those harms."

30. Coinciding with these memoranda, and despite Defendant DOJ's FY2026 budget permitting up to 800 Immigration Judges, EOIR terminated a disproportionate number of women,

people of color, ethnic minorities, members of organizations affiliated with disfavored groups, including Hispanic and Latin-American immigrants, and persons associated therewith.

31.    Around the time Defendants decided not to convert Plaintiff Billings into a permanent Immigration Judge, Defendants hired or retained Immigration Judges significantly younger than Plaintiff Billings who were not associated with disfavored groups, such as the Democratic political party or Hispanic and Latin-American immigrants' rights organizations.

32.    For example, Plaintiff Billings knows of two (2) Immigration Judges appointed in November 2023 alongside her who were converted to permanent positions in late 2025: Judge Natalie Smith and Judge Anna Diao.

33.    Upon information and belief, both Judge Smith and Judge Diao are more than twenty (20) years younger than Plaintiff Billings.

34.    Judge Smith has a background in working with the U.S. Immigration and Customs Enforcement, Department of Homeland Security, and, upon information and belief, is not associated with any immigrants' rights organizations or Hispanic and/or Latin American immigrants or noncitizens.

35.    Judge Diao has a background in prosecution, working for the Queens County, New York, District Attorney's Office, and, upon information and belief, is not associated with any immigrants' rights organizations or Hispanic and/or Latin American immigrants or noncitizens.

36.    In short, based on Plaintiff Billings's age (over 40) and association with organizations affiliated with political ideologies contrary to those held by Defendants, such as the Democratic Party and immigrants' rights groups, Defendants decided not to convert Plaintiff Billings's two-year appointment to a permanent position.

## COUNT I
### Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a

37.     Plaintiff Billings incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-36 of this Complaint.

38.     At all times material to this Complaint, Plaintiff Billings was a member of the class of persons protected by the ADEA's prohibition on discrimination on the basis of age.

39.     Plaintiff Billings's two-year appointment was not converted to a permanent position by Defendants because of her age.

40.     Defendants never provided a legitimate, non-pretextual justification for Plaintiff Billings's removal.

41.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff Billings suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

## COUNT II
### Violation of the First Amendment of the U.S. Constitution

42.     Plaintiff Billings incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-36 of this Complaint.

43.     Plaintiff Billings was terminated because of her past association with organizations affiliated with political ideologies contrary to Defendants', such as immigrants' rights organizations and the Democratic Party, in violation of the First Amendment of the U.S. Constitution.

44.     Defendants never provided a legitimate, non-pretextual justification for Plaintiff Billings's removal.

45. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff Billings suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation, and mental distress.

## COUNT III
### Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202

49. Plaintiff Billings incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-36 of this Complaint.

50. Plaintiff Billings is entitled to declaratory relief on the basis of all claims identified. There is a substantial ongoing controversy between Plaintiff Billings and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Defendants did not have authority to remove Plaintiff Billings on the basis of age or prior association.

## COUNT IV
### Mandamus

51. Plaintiff Billings incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-36 of this Complaint.

52. In addition to declaratory relief, Plaintiff Billings is entitled to mandamus or relief in the nature of mandamus commanding Defendants to return her to her office.

53. The ADEA and the First Amendment impose a ministerial duty on all Defendants not to discriminate on the basis of age or protected association. Plaintiff Billings is entitled to mandamus returning her to her office. Absent this Court granting the counts identified above, there is no other adequate means of redress.

*       *       *

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff Billings respectfully prays that this Honorable Court:

1.      Enter judgment on Plaintiff Billings's behalf against Defendants;

2.      Award Plaintiff Billings compensatory damages and other damages;

3.      Reinstate Plaintiff Billings to the position held prior to her unlawful termination or other equivalent position;

4.      Award Plaintiff Billings all lost pay and associated benefits;

5.      Award Plaintiff Billings her court costs, expenses, attorneys' fees, and interest;

6.      Declare that Defendants' conduct is in violation of the Age Discrimination in Employment Act and the First Amendment of the U.S. Constitution;

7.      In the alternative, issue a writ of mandamus; and

8.      Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff Billings demands a jury trial as to all issues so triable.

Dated:  New York, New York
        May 15, 2026

Respectfully submitted,

Nicholas H. Sikon
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2071
nsikon@outtengolden.com

Kevin Owen (pro hac vice forthcoming)
MD Bar No. 0512150020
OR Bar No. 240687
**GILBERT EMPLOYMENT LAW, P.C.**
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
Telephone: (888) 676-8096
kowen@gelawyer.com

Nathaniel A.G. Zelinsky (pro hac vice
forthcoming)
DC Bar No. 1724093
**WASHINGTON LITIGATION GROUP**
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
Telephone: 202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Attorneys for Plaintiff*